191 F.2d 926
 GALEN H. CLARK PACKING CO., Inc.
v.
RECONSTRUCTION FINANCE CORP.
 No. 540.
 United States Emergency Court of Appeals.
 Heard at Philadelphia September 21, 1951.
 Decided October 19, 1951.
 
 J. Kennard Weaver, Philadelphia, Pa., for the complainant.
 Maurice S. Meyer, Washington, D. C. (J. Gregory Bruce, Washington, D. C., on the brief), for the respondent.
 Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.
 MARIS, Chief Judge.
 
 
 1
 The complainant here seeks a review by this court of an order issued by the respondent on September 20, 1950, refusing payment of the complainant's claims for meat slaughter subsidy for the period from June 7, 1943 to December 31, 1943. The claims were not presented even informally, until October 31, 1949, and were not presented in written form until August 15, 1950. Payment was refused by the respondent on the ground that the claims were time barred by the subsidy regulations and that the circumstances of the complainant's case did not justify granting an exception to the time limitation.
 
 
 2
 In the opinion filed this day in another subsidy case, Berchem v. Reconstruction Finance Corporation, 191 F.2d 922, this court has fully considered the subsidy regulations with respect to the time requirement for filing, the discretionary power of the respondent with respect to the payment of claims untimely filed and the extent of review by this court of this discretionary power. That discussion need not be repeated here.
 
 
 3
 Suffice it to say that the sole question which the present case presents is whether the respondent was arbitrary or capricious in refusing to pay the complainant's untimely filed claims upon the ground that the complainant had not shown reasonable grounds for its failure to file the claims on time or undue hardship resulting from their non-payment. We turn, therefore, to the facts shown by the affidavits submitted by the complainant and appearing in the record. These are that the president of the complainant understood that claim for said subsidy had been filed and paid, and it was not until an audit was made of his books in 1949 that he discovered that the claim had not been filed and paid. There was no showing that the complainant had suffered undue hardship as a result of the non-receipt of the 1943 subsidy.
 
 
 4
 It is obvious that the complainant has failed to show facts which so clearly establish a reasonable excuse for failure to file its claim on time and such undue hardship resulting from their nonpayment as would stamp the respondent's refusal to accept and pay the claims out of time as arbitrary or capricious. The mere receipt of the claims in August, 1950, for consideration and ruling did not involve an acceptance of the claims out of time for payment. Nor were they made timely by Regulation No. 11, 15 F.R. 6193, effective September 14, 1950, as the complainant argues. For that regulation is purely one of limitation and made no claim valid which was not valid before its issuance.
 
 
 5
 A judgment will be entered dismissing the complaint.