191 F.2d 928
 LILLINGTON ROLLING MILLS, Inc.
v.
RECONSTRUCTION FINANCE CORP.
 No. 552.
 United States Emergency Court of Appeals.
 Submitted September 21, 1951.
 Decided October 19, 1951.
 
 John D. McConnell, Southern Pines, N. C., for the complainant.
 Joseph M. Friedman, Special Asst. to the Atty. Gen. and E. Leo Backus, Atty, Department of Justice, Washington, D. C., for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.
 MARIS, Chief Judge.
 
 
 1
 This is the third case to be decided today in which this court has been asked to review the action of the respondent in refusing to pay claims for subsidy which had been filed after the expiration of the period of limitation fixed by the applicable regulations. Berchem v. Reconstruction Finance Corporation, 191 F.2d 922; Galen H. Clark Packing Co. v. Reconstruction Finance Corporation, 191 F.2d 926. The other two cases involved cattle slaughter subsidy claims while this case involves claims for flour subsidy. However the significant provisions of Flour Production Payments Regulations No. 4, 9 F.R. 1822, are identical with those of the cattle slaughter subsidy regulations discussed in the Berchem case. Accordingly the sole question here, as in that case, is whether the respondent so far departed from its established standards for the discretionary acceptance for payment of claims untimely filed as to be guilty of an arbitrary or capricious act.
 
 
 2
 The facts in the present case are fully set out in the report, appearing in the record, of the Committee of the Judiciary of the House of Representatives (House Report No. 2948, 81st Cong., 2d Sess.) accompanying H.R. 3666, a private bill authorizing suit upon the complainant's claim in the United States District Court for the Eastern District of North Carolina, which passed the House of Representatives but not the Senate. The facts therefore need not be stated here. Suffice it to say that we have carefully reviewed them. We conclude that they disclose such neglect on the part of the complainant and its employees in the matter of its subsidy claims as to make it perfectly clear that the respondent was not arbitrary or capricious in concluding that the complainant had not met the standards for the allowance of claims filed out of time.
 
 
 3
 A judgment will be entered dismissing the complaint.